AO 241
(Rev. 01/15)

Page 1

4:17cv3157

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

   **Clerk, United States District Court for**
   **Address**
   **City, State  Zip Code**

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

AO 241
(Rev. 01/15)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: NEBRASKA | |
|---|---|---|
| Name (under which you were convicted): <br> Damon D. Pig'ee | | Docket or Case No.: <br> CR 11-1675 |
| Place of Confinement : NEBRASKA DEPARTMENT OF CORRECTIONS <br> Nebraska State Penitentiary | Prisoner No.: | 76018 |

| Petitioner (include the name under which you were convicted) <br> Damon D. Pigee | v. | Respondent (authorized person having custody of petitioner) <br> Scott R. Frakes <br> Director |
|---|---|---|

| The Attorney General of the State of: Nebraska |
|---|

## PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

Douglas County District Court

(b) Criminal docket or case number (if you know):   CR 11-1675

2.   (a) Date of the judgment of conviction (if you know):   June 18, 2012

(b) Date of sentencing:   June 18, 2012

3.   Length of sentence:   40 - 160 years

4.   In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case:   Count 1 Possession of a
Deadly Weapon by a Prohibited Person; Count 2: Possession of a Deadly
Deadly Weapon by a Prohibited Person; Count 3: Possession of a Deadly Weapon
by a Prohibited Person; Count 4: Possession of a Deadly Weapon by a Prohibited
Person. Count 1 10 to 40 years: Count 2 10 to 40 years:
Count 3 10 to 40 years: Count 4 10 to 40 years said
to run consecutive to one another.

6.   (a) What was your plea? (Check one)

|     | ☐ (1) | Not guilty | ☐ (3) | Nolo contendere (no contest) |
|---|---|---|---|---|
|     | ☒ (2) | Guilty | ☐ (4) | Insanity plea |

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?     N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

      ☐ Jury    ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☐ Yes    ☒ No

8.   Did you appeal from the judgment of conviction?

      ☒ Yes    ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:  Nebraska Court of Appeals

(b) Docket or case number (if you know):  A-12-639

(c) Result:  Conviction and Sentence Affirmed

(d) Date of result (if you know):  February 13, 2013

(e) Citation to the case (if you know):

(f) Grounds raised:  Excessive Sentence

(g) Did you seek further review by a higher state court?  ☒ Yes  ☐ No

    If yes, answer the following:

    (1) Name of court:  Nebraska Supreme Court

    (2) Docket or case number (if you know):  A-12-639

    (3) Result:  Petition for Further Review Denied

    (4) Date of result (if you know):  March 20, 2013

AO 241
(Rev. 01/15)

Page 4

(5) Citation to the case (if you know): _____

(6) Grounds raised:   1) The Court of Appeals erred granting

summary affirmance in favor of the State when there is a factual

dispute. 2) The Court of Appeals erred in granting summary

affirmance as appellee failed to show that this issue is so (cont on pg 4A)

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):   N/A

(2) Result:   N/A

_____

(3) Date of result (if you know):   N/A

(4) Citation to the case (if you know):   N/A

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:   Douglas County District Court

(2) Docket or case number (if you know):   CR 11-1675

(3) Date of filing (if you know):   June 5, 2013   Amended October 15, 2013

(4) Nature of the proceeding:   Postconviction Relief

(5) Grounds raised:  1) The basis of an involuntary guilty plea and violation

of his sixth and fourteenth amendment and violation of article 1,

section 3 and 11 of the Nebraska Constitution: Defendant claims the

guilty plea was made in violation of Boykin v. Alabama, 395 U.S. (1969)

and State v. Irish, 223 Neb. 814 (1986); as defendant was not properly

advised and informed of the consequences of the plea and the plea is

based on inadequate and false factual basis; 2)A denial of

effective assistance of trial counsel, during the pleading stage in

violation of the sixth and Amendment to the United States

Constitution, and Article 1  section 3 and 11 (cont on pg 4A to 4B)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:   N/A

(8) Date of result (if you know):   Post Conviction Denied  November 19, 2014

unsubstantial as to not require argument. 3) The Court of Appeals
erred granting summary affirmance in favor of the State using an
argument based on facts outside of Appellant's offenses and/or
not relating to Appellant's convictions, using the violence in
Omaha, NE to substantiate a conclusion to violence pertaining to
his offenses, as a result, Appellant was sentenced excessively with
all the violence in Omaha, NE being blamed on him, promptly denying
him a fair review. 4) The Court of Appeals erred and abused its
discretion when granting summary affirmance in favor of the State
on the sole argument of excessive sentence, citing State v.
Paytan, 277 Neb. 663 (2009) and State V. Orduna, 250 Neb.
602, 607 (1996).

11(a) (5)        of the Nebraska Constitution, due to trial counsel failing to
investigate; failing to depose and call witnesses; withholding
plea agreement information and failing to protect her clients
interest during prosecution. 3) A denial of effective assistance
of Appellate Counsel, due to Appellate Counsel's failure to brief
and argue issues appearing on the record relating to the guilty
plea in violation of the sixth amendment to the United States
Constitution and Article 1, section 3 and 11 of the Nebraska
Constitution.

Amended-        1) The defendant's convictions were obtained as the result of
Prosecutorial misconduct in violation of the Due Process clause
of the fourteenth amendment to the United States Constitution and
Neb. Const. Art. 1 §3 and 11. 2) The defendant received ineffective
assistance of counsel in violation of the sixth and fourteenth
amendments to the United States Constitution and Neb. Const. Art.
1 § 3and 11. 3) The defendant received ineffective assistance of appre
appellate counsel in violation of the sixth and fourteenth
amendments to the United States Constitution and Neb. Const. Art.
1 § 3 and 11. 4) The defendant was subjected to judicial
misconduct from the Court in violation of the fourteenth Amendment
to the United States Constitution and Neb. Const. Art. 1 § 3 and 11.
5) The defendant received ineffective assistance of appellate

counsel; in violation of the sixth and fourteenth amendments to the
United States Constitution and Neb. Const. Art. 1 § 3 and 11.

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Nebraska Court of Appeals

(2) Docket or case number (if you know): A-15-1113

(3) Date of filing (if you know): April 16, 2016

(4) Nature of the proceeding: DIrect Appeal from DENIAL of Postconviction

(5) Grounds raised: The district court ERRED IN denying the Appellant's motion for postconviction Relief without holding an Evidentiary hearing.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: N/A

(8) Date of result (if you know): Appeal Denied Feb. 28, 2017

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Nebraska Supreme Court

(2) Docket or case number (if you know): A-15-1113

(3) Date of filing (if you know): March 29, 2017

(4) Nature of the proceeding: Petition For Further Review

(5) Grounds raised: The Court of Appeals ERRED In its Finding that trial and Appellate counsel did not PERForm DEFIciently

AO 241
(Rev. 01/15)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   X☒ No

(7) Result:   DENIED

(8) Date of result (if you know):   April 10, 2017

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,
or motion?

(1) First petition:   X☒XYes   X☒ No

(2) Second petition:   X☒ Yes   ☐ No

(3) Third petition:   ☒XYes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE:   Petitioner was denied due process of law in violation of the
sixth and fourteenth Amendments  because the prosecution: 1) The prosecuting

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1) The Prosecuting Attorney's Office of Douglas County committed prosecutorial
misconduct, by using a letter dated February 23, 2012, (exhibit 1) to coerce and
induce the petitioner's guilty plea. Petitioner hired new counsel-(Mary Gryva)
who made her first appearance January 19, 2012, at which time prosecution
extended a deal. (Partial Transcripts of Proceedings 7: 16-22) also at which time
Petitioner waived his right to a speedy trial. (PTP 4:99-12; 5). Before counsel
and Petitioner had a chance to review evidence, or discuss the deal, (prosecution pg 6A-6C)

(b) If you did not exhaust your state remedies on Ground One, explain why:   Exhausted on all
State Remedies.

Prosecuting Attorney Nissa Jones sent exhibit 1, a letter, threatening to file the habitual criminal enhancement on all charges if the deal was not accepted by March 9, 2012, effectively giving Petitioner's counsel thirty-five (35) days to prepare and go over the case with Petitioner, fifteen (15) days to accept the deal or let Petitioner face the habitual enhancement, and fifty (50) days total with the case, when prosecutor had the case since at least August 9, 2011. Coercion and inducement of the Petitioner's plea using the threat of harsher penalties, when Petitioner was already facing four (4) three to fifty (3 to 50) (s), coupled with the fact that Nissa Jones exuded pressure on counsel so counsel could not effectively fam familiarize herself with Petitioner's case, denies Petitioner the right to due process and is in violation of the sixth and fourteenth amendments respectfully.

2) On April 2, 2012, at the change of plea hearing, Prosecutor Nissa Jones committed misconduct by stating a factual basis different from the actual police reports (see exhibit 2). Exhibit 2 a police report written by Special Agent Donald Mann, Contradicts the factual basis the prosecutor fabricated to make the Petitioner guilty of a crime he did not commit. (BOE 21: 1-6) Exhibit 2 brings forth an alternate suspect  that sold the .22 rifle to the confidential informant, on November 9, 2010. Exhibit 2 -Police report #7 is exculpatory in nature and eliminates Petitioner of having possession of the rifle on the date in question. Furthermore, Nissa Jones states on record:

> Ms. Jones: There were recordings but officers with either the ATF or Omaha Police Department were tailing them and them and observed -- made observations of the transactions. [sic]
>
> (BOE 22: 12-15)

Showing no reason to change of fabricate the factual basis other that to inflame and influence the court judge, and to prove guilt of the Petitioner to a charge that he was and is factually and actually innocent of. Or to justify coercing Petitioner's guilty plea to a charge that he was not guilty of.

3) The Prosecuting Attorney committed prosecutorial misconduct
upon proffering false information to Petitioner's detriment and
prejudice, when she stated to the Court Judge on June 18, 2012,
that Petitioner violated the conditions of his parole- when
Petitioner did not. (BOE 32:17; 33:4) The remarks made by the
prosecutor at a time of impulse decision making by the Court Judge,
compounded by an alluded paltry speculation that Petitioner
"is still a gun dealer" (BOE 33:3-4) inflamed and influenced the
Court Judge to act egregiously beyond the scope of his judicial
authority (see ground 3 hereinafter and below). Such incited
castigation depreciates the fairness and integrity required at
this critical stage in the sentencing proceeding. Conversely,
prosecutors are charged with a duty to impart facts and credible
information when allocuting its case-in-chief against an offender.
In this case, Prosecutor Nissa Jones, did the opposite, and as
much fabricated and misled the Court Judge to seemingly believe
her statement-when in fact, Petitioner did not violate the
conditions of his parole. To the contrary, he completed the conditions
of his parole. Thusly, the prosecutor's false statement was
prejudicial, lacking sufficient indicium of proof and reliability
to substantiate her statement.

Further, the prosecutor's reference of calling Petitioner a
"gun dealer" (BOE 33:3-4) was equally prejudicial, and lacked the
substance of proving so, in relation to the four (4) counts of
Possession of a Deadly Weapon by a Prohibited Person, which
simply indicate, given the information filed, and of the prosecutor's
statement of the facts (BOE 20:21-22) that Petitioner only acted
as a middleman having contact with a confidential informant,
unbeknownst notwithstanding the prosecutor's embellished version
of the alleged crime expresses erroneously via the factual
basis (BOE 19:12;-23:1). (Worthy of note: Petitioner and his
counsel (M. Gryva) thereafter the prosecutions awry version
conducted an off-record discussion in contestation to the factual
basis given; however, said counsel succumbed to Petitioner's
prejudice and detriment, in violation of Petitioner's Constitutional
rights. (BOE 23:2-6).

The prejudicial actions committed in this instance against Petitioner
constitute prosecutorial misconduct and such error was not
harmless beyond a reasonable doubt. But for the aforementioned

fabrication and prejudicial remarks expressed and stated by the
State Prosecutor, Petitioner would not have pled guilty had he
known said prejudicial comments were going to be made; and had he
known that by pleading guilty to the four (4) counts of weapon
charges enroute to being sentenced for same, and therewith
having been subjugated to even more object of ridicule , thereby
persuading the Court Judge to ambush him to immoderate terms
of years in prison. Had the remarks not been made, remarks that were
later reiterated by the Court Judge (BOE  34:18-19)
there exist a reasonable probability that the Court Judge would
have imposed a much lesser amount of term years in prison. Thusly,
the outcome would have been different.

**The** claims of ground 1 were not presented or assigned as error on
direct appeal due to ineffective assistance of appellate
counsel's failure to do so accordingly.

The claims of ground 1 were presented and assigned as error on
Post-conviction as -ground 3 ineffective assistance of appellate
counsel #42-49, and again as -ground 5 ineffective assistance of
appellate counsel #58-65; for failing to raise the issue of
of prosecutorial misconduct, postconviction ground 1 #9-14, and
ineffective assistance of trial counsel, postconviction ground 2
#15-41.

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Counsel only Raised the issue of Excessive Sentence. Which is why Petitioner Raised a claim of ineffective assistance of Appellate Counsel on Postconvic

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction Relief

Name and location of the court where the motion or petition was filed: Douglas County District Court 1701 Farnam St Omaha, NE 68183

Docket or case number (if you know): CR-11-1675

Date of the court's decision: November 19, 2014

Result (attach a copy of the court's opinion or order, if available): Denied Postconviction Relief Without an Evidentiary hearing - (See Attached)

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Nebraska Court of Appeals 2413 State Capitol P.O. Box 98910 Lincoln, NE 68509-8910

Docket or case number (if you know): A-15-1113

Date of the court's decision: February 28, 2017

Result (attach a copy of the court's opinion or order, if available): Denied (See Attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:   None

**GROUND TWO:**         Petitioner was denied the effective assistance of counsel

in violation of the sixth and fourteenth amendments because trial counsel failed to:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1) Object to the amended information, at the change of plea hearing April 2, 2012
(BOE 6:4-9). The original information the Petitioner was charged and arrested on
(exhibit 3) had Petitioner in possession of a firearm on the date of August 9, 2011,
which was factual incorrect since Petitioner was being arrested on this date on
information already charging Petitioner of this crime. Counsel failed to object, to
have the court serve Petitioner 24 hour notice of service, and then have Petitioner
rearraigned on the amended information. Violating Petitioner's right to due process
and the sixth and fourteenth amendments. Petitioner could not challenge (cont. on pg 8A-8 F)

(b) If you did not exhaust your state remedies on Ground Two, explain why:   Exhausted on all State
Remedies.

(c)     **Direct Appeal of Ground Two:**
           ICP
(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:   Appellate Counsel's Sole
Argument was Excessive Sentence, which is why Petitioner Raised
Ineffective assistance of Appellate Counsel on Postconviction Relief

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

           ☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Postconviction Relief

Name and location of the court where the motion or petition was filed:   Douglas County District
Court 1701 FARNam Omaha, NE 68183

Docket or case number (if you know):   CR-11-1675

Date of the court's decision:   November 19, 2014

the amended information since he was already arraigned on the
original information.(BOE 7:5-19) Had Petitioner been able to
challenge the amended information he could have disputed the
factual basis of the date change for November 9, 2010. Counsel
attempts to object, but then relents and does not protect her
clients rights.(BOE 7:20;8:3) Then counsel waives 24 hour notice
without first explaining what waiving this would do, what 24 hour
notice meant, or giving Petitioner the option to waive 24 hour
notice himself or not.(BOE 8:4-6) Petitioner had already been
arraigned on technically false, or inaccurate information.
Information that was changed without a preliminary hearing or
giving the Petitioner the right to challenge the new information,
violates his right to due process and the sixth and fourteenth
amendments, since counsel failed to protect her client.
2) Counsel used a letter (exhibit 1) to coerce and induce Petitioner's
guilty plea. Petitioner repeatedly told counsel that he never had
possession of two (2) of the firearms Nissa Jones was offering as
a plea deal. Two (2) firearms Petitioner would not have plead to,
but for counsel's deficient performance, pressured and coerced
Petitioner to accept the plea agreement, instead of investigating
an alternate suspect named in Police report #7 (exhibit 2). The
prosecutions letter (exhibit 1) allowed counsel to induce a guilty
plea from the Petitioner without due diligence in violation of the
sixth and fourteenth amendments. Simply investigating these specific
charges, on these specific dates, would have brought forth another
suspect, and cleared Petitioner of those charges. Petitioner
supports this claim with an Affidavit from 'Ron C' (Taron Cooper)
(exhibit 4) and the police report (exhibit 2). Counsel failed to
protect Petitioner, by not providing adversarial testing of the
State's case, by failing to investigate specific dates and charges,
even though Special Agent Donald Mann named another person as
being in possession and selling the .22 rifle, that counsel coerced
Petitioner to plead to. Petitioner repeatedly informed counsel that
he never had in his possession, or even seen, or touched the .22 rifle.
Counsel even wrote on the police reports "never touched gun?" but
still did not investigate the charge against her client. Petitioner
supports this claim with and Affidavit from Donald Richey (exhibit 5)

the confidential informant in the case at bar, dated May 4, 2017,
signed and notarized. Violating the sixth and fourteenth amendments
and the right to due process.

3) For failing to object and ask for a continuence when the Court
stated;

        Court:      I'm going to have to study to make sure
                     whether I could even give concurrent
                     sentences on the three calendar years
                     on each count. That's a probability. [sic]-
                     --- I guess I would defer also to counsel
                     on that issue if they want to look into
                     that a little more carefully.

    Ms. Gryva: I'd be glad to Judge.

     Court:    I will too. [sic]

                    (BOE 13:6-17)

Any amount of confusion at such a critical stage as the pleading
stage does not constitute a proper advisement. How can the
Petitioner or the layman, understand the law if the Judge (an official
deemed with the task of making sure all parties involved understand
the law and the proceedings at bar), and Counsel (an official
deemed with the task of navigating, guiding and protecting her
clients interest) does not understand, or know the law at such a
critical time, a time in the proceedings where the Petitioner is
pleading for his life. All proceedings should have been continued
so all parties could have studied the law to be able to give the
Petitioner a proper advisement. Instead the Judge found that the
Petitioner understood a law that Counsel and the presiding Judge
did not understand, and accepted Petitioner's pleas of guilt.
Counsel should have asked for a continuance, so the necessary
research could have been done to give Petitioner a proper and
full advisement. It is very clear from the record that Counsel
nor the Judge knew the law regarding class ld felonies being
ran concurrent or not. Counsel's failure to understand the law,
makes her advice to Petitioner improper and deficient. How can
Counsel on good faith advise a client to plead out when Counsel
does not understand the consequences she is advising her client
to plead to? The Court of Appeals recognizes that there was some

confusion on behalf of the Court, but deemed it as harmless error.
Any amount of confusion by any official in the Court or of the
Court, takes away the ability to make sure the Petitioner under-
stands the severity, and full consequences of his guilty pleas.
Effectively nullifying the Courts discretion to run concurrent
or consecutive sentences.

The Judge then asks Petitioner

   The Court: Do you understand that?

  The Defendant:   Yes Sir.

      (BOE 13:11-12)

Assuming that Petitioner could possibly understand if these
sentences could be ran concurrent is to assume that the Petitioner
or layman knows the law. The Judge states "that's a possibility",
a term meaning capable of existing, happening, being, becoming
or coming to pass. Saying that it is a possibility that these
charges could be ran concurrent does not constitute a definite
which fails the standards of a proper and full advisement.
Counsel's failure to know and understand the law before advising
her client to plead out, coupled with the fact that at the
change of plea hearing Counsel did not object or ask for a
continuance, fails to meet the standards of a competent
attorney and violates Petitioner's rights under the sixth and
fourteenth amendments.

On June 18, 2012, Ms. Gryva states:

    Ms. Gryva: I think the initial question, Judge,
       was one of legality as to whether he
       could receive **consecutive** sentences
       on the minimum mandatory of three
       years for each count. (emphasis added)

   The Court:   He can.

    Ms. Gryva: Right, Okay. [sic]

      (BOE 28:15-20)

Again showing both Counsel's and the Court's lack of knowledge
of class 1d felonies being ran concurrent. It is still not clear
from the record if the Court, or Counsel understand the legalities
of class 1d felonies. Had the lower-court noted otherwise indicative
of any knowledge of how mandatory minimums are required to be

imposed, Petitioner would have had a full and better understanding
of the consequences of his plea entry. The committed plain error
is immensely apparent from the record, inasmuch that the Court says
it has to study, and did not fulfill its obligatory duties that
would duly apprise Petitioner of the range of penalty(s) he
would be subjugated to by entering his pleas of guilt. Petitioner's
due process rights was violated along with his sixth and fourteenth
amendment rights.

4) For failing to file a motion to withdraw pleas, prior to
sentencing on June 18, 2012. Petitioner told Ms. Gryva that the
person named in exhibit 2, was in Douglas County Jail, with
Petitioner. Counsel did not investigate this suspect or the
information given to her by Petitioner. Counsel should have
filed a motion to withdraw pleas, to investigate new suspect. Failure
to investigate provides deficient performance violating his right
to due process and the sixth and fourteenth amendments.

5) For failing to object to biased and prejudicial elements
presented by the district court Judge at sentencing June 18, 2012.
Petitioner was blindsided by new criminal acts and elements
not pertaining to the case at bar. New criminal acts and elements
made up by the Judge, and used to sentence the Petitioner to
harsher penalties. (BOE 33:14-23;34:3-5 and 18-19) Counsel's
failure to act, failed to protect Petitioner from a fundamentally
flawed and unfair proceeding. Violating due process along with
the sixth and fourteenth amendments.

6) For Failing to object to the Prosecutor's factual basis, a
factual basis that was deficient and contradicts the Police
reports (exhibit 2). Counsel failed to object and protect her
client from a fundamentally flawed proceeding. Counsel had already
received the discovery, and should have been familiar with all
the elements of this case. Yet did not object to the fabricated
factual basis. An objection would have provided adversarial
testing of the state's factual basis. Proving that the police
following and observing- did not have Petitioner in possession
of the the firearm, the prosecutor stated as a factual basis.
Petitioner supports this claim with exhibit 2, the police
report written by Agent Donald Mann, and with Affidavits

from Taron Cooper exhibit 4, and Donald Ritchey exhibit 5.
Counsel's failure to object violates Petitioner's right to due
process along with his sixth and fourteenth amendments.

7) For failing to investigate and take a deposition of Agent
Donald Mann, who authored police report 779035-10-0107
(exhibit 2) which never had Petitioner in possession of the .22
rifle on November 9, 2010. A charge Petitioner was coerced and
induced into pleading to and now stands convicted of with 10-40
years. Counsel failed to investigate and take a deposition from
Taron Cooper (Ron C) the alternate suspect mentioned in the
police report written by Agent Donald Mann. Cooper provided
Petitioner with an affidavit explaining his part in the offense,
dated August 24, 2012. Cooper takes possession of the .22 rifle,
which is supported by the police report, a charge of which
Petitioner was forced to plead to. Counsel failed to investigate
and take a deposition from the confidential informant Donald
Ritchey #1360. Ritchey provided Petitioner with an affidavit
dated May 4, 2017, (exhibit 5) giving his account of what
happened November 9, 2010. This, coupled with the affidavit
from Taron Cooper (exhibit 4) and the police report from Agent
Mann, (exhibit 2) exonerate Petitioner from any wrong doings,
and proves the claim that he is factually and actually innocent
of being in possession of a firearm  on November 9, 2010. Violating
Petitioner's right to due process, and his sixth and fourteenth
amendments.

8) For failing to object to biased and prejudicial acts and elements
presented by the Judge on June 18, 2012. (BOE 27:14;32:7-9;33:14-23;
33:24 to;34:5;34:18-19) Comments based on unsupported criminal acts
and mistaken factual conclusions not supported by any evidence
in this case. The Court expressed illicit and prejudicial language
of admonishments prohibited of a Judge. Worst, after the Court Judge
sentenced Petitioner to 40 to 160 years, he/it made another prejudicial
statement:

>                    The Court: [t]hat's what gun dealers/gun runners
>                         deserve. [sic]
>                                        (BOE 34:18-19)

Such remarks defy the logic and expectation of impartiality and
repulse confidence in our judicial system. The comments of the

Judge were egregious in the worse form. Counsel should have objected to protect Petitioner from a flawed, biased and fundamentally unfair proceeding. Failure to object fails to protect Petitioner's rights under the sixth and fourteenth amendments, and violates due process clause.

9) For failing to object to the Prosecutor's statement that Petitioner violated parole and went back to jail with a new charge.

> Nissa Jones: Briefly, Judge. I think as far as opportunity for change, he's had numerous opportunities after his first lengthy stint in prison. He had an opportunity when he got out and violated parole and went back. He picked up a new charge, got sentenced again, got out.
>
> (BOE 32:17-22)

At sentencing hearing June 18, 2012. Failure to object failed to provide adversarial testing of the state's case. Petitioner has never violated parole, in fact completed parole. Yet, Counsel remained silent, at a time of impulse decision making, instead of proffering true information on the Petitioner's behalf to test the Prosecutor's statement, Counsel did not object to Petitioner's detriment. The remarks by the prosecutor were not harmless, and could have easily been proven not to be true with a simple objection from Counsel, since Petitioner's parole certificates were associated in the discovery.

The claims of ground 2 were not presented or assigned as error on direct appeal due to ineffective assistance of appellate counsel for failing to raise  ineffective assistance of trial counsel. The claims of ground 2 were presented and assigned as error on Post-conviction as ground 2 #s 15-41 ineffective assistance of trial counsel, and grounds 3 and 5 #s 42-49 and 58-65, as ineffective assistance of appellate counsel for failing to raise ineffective assistance of trial counsel on direct appeal. The claims of ground 2 were fairly presented to the Supreme Court but not ruled on in accordance with §2254.

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available):   DENIED (SEE Attached)

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?               ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   NEbrAskA Court of AppEals

2413 StAte Capitol, P.O.Box 98910 Lincoln NE 68509-8910

Docket or case number (if you know):   A-15-1113

Date of the court's decision:   FebruAry 28, 2017

Result (attach a copy of the court's opinion or order, if available):   SEE AttAchED

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____
_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :   FilED a Motion FoR NEW

TRiAl on NEWly Discovered EvidENcE, on thE AFFiDANitS

FRom TARon CoopER AND DoNAlD Ritchey.

**GROUND THREE:**      Petitioner was denied due process of law in violation of the
Sixth and Fourteenth Amendments because the Trial Court Failed:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

To properly advise Petitioner of all applicable penal consequences before accepting
Petitioner's pleas of guilt. The Judge states on record that he would have to 'study'
to see if the mandatory minimum of three calendar years could be ran concurrent. Which
does not constitute a proper advisement by any standard adopted by Nebraska when dealing
with a plea. The Judge then states "it's a possibility", further proving that he is
confused about the statute and law concerning class 1d felonies. Any amount of
confusion, misunderstanding, or misinterpretation from the Judge prejudices (cont on pg 9A-9E

the Petitioner in a way that requires reversal, or at the least
resentencing. Petitioner can not understand, fully, the consequences
of his plea, if the presiding Judge does not understand them himself.
Assuming that Petitioner could possibly understand if these sentences
could be ran concurrent after the advisement from the Judge, is to
assume the Petitioner or <u>Layman</u> knows or understands the law,
when the very individual tasked with the assignation to know, understand
and articulate the law to the layman, clearly shows from the record that
he does not know and has to **'study'** (emphasis added) to see if he can.
The Judge then further propounds the situation by stating **"that's a**
**possibility"**, a term meaning capable of existing, happening, being,
becoming or coming to pass. A 'possibility' does not constitute a
proper and full advisement. Especially when a Petitioner is pleading
for their life. This is a critical moment, and should be handled with
the upmost professionalism. Worst, the Judge then asks:

> The Court: Do you understand that?
> The Defendant: Yes Sir.
>
> (BOE 13:11-12)

Petitioner answers in the affirmative, and yes, Petitioner does
understand that the Judge will have to study to see if he can
run the mandatory minimums concurrent. But how can Petitioner make
an intelligent plea entry, if know one in the Court knows how the
mandatory minimums are required to run. Also saying "that's a
possibility" leads the Petitioner to believe that by pleading guilty,
most likely his sentences will be ran concurrent, after the Judge does
the necessary research. The Judge abused his discretion by accepting
Petitioner's pleas before studying the law, to have the ability to
advise Petitioner properly and fully. Because it was never made clear
if the Judge did the proper research and found out if he could in fact,
run these sentences concurrent, discretion to run them concurrent or
consecutive was taken from him, since he believed by law that he/it
was required to run them consecutive. Petitioner supports this by pointing
to the record, June 18, 2012,:

> Ms. Gryva: I think the initial question, Judge,
> was one of legality as to whether he
> could receive **consecutive** sentences on
> the minimum mandatory of three years for

each count. (emphasis added)

The Court: He can

Ms. Gryva: Right, Okay, [sic]

(BOE 28:15-20)

The initial question was if the sentences could be ran concurrent or not, the record clearly shows that the Judge still could not give Petitioner a full and proper advisement, and violated due process rights and the standards of accepting a Petitioner's pleas by accepting his pleas and subsequently sentencing Petitioner to **consecutive** sentences at the behest of Counsel. Had the proper research been done by the Judge and Counsel Petitioner could have received a proper and full advisement which would have made his decision to plea intelligently, knowingly, and understandingly made. As the record stands now, Petitioner's pleas were not made intelligently, knowingly, or understandingly which is void or voidable.

2) The Judge committed misconduct by accusing the Petitioner of promoting violence in Omaha, NE. Petitioner was charged with, and plead to four (4) counts of Possession of a Deadly Weapon by a Prohibited Person (§28-1206) and no evidence or police report suggest that any of these weapons involved in these convictions were used in the commission of a crime. This prejudiced Petitioner from having a fair sentencing hearing. By introducing elements outside the scope of Petitioner's convictions, the Judge ultimately sentenced Petitioner to an egregious amount of term years. Showing a lack of impatiality, and a biased disposition towards Petitioner. (BOE 33:23 to 34:5)

3) The Judge committed misconduct throughout the whole sentencing proceeding June 18, 2012, as follows:

A) By introducing prejudicial and unsupported criminal acts to which Petitioner received no advance notice, and never had a chance to dispute.(BOE 27:14;32:7-9;33:14-23;33:24 to 34:5;34:18-19)

B) by telling the Petitioner that the guns in the case were used by drug dealers and gang members to kill each other (BOE 34:21-22). When there was no evidence to suggest that any one but the ATF fired these guns for test firing purposes. Nor any evidence to suggest that these guns were used in the commission of a crime.

C) By repeatedly calling the Petitioner a gun runner, (BOE 27:14)

From the start of the proceeding to the end of the proceeding.
(BOE 34:19)

D) By testifying as an expert witness, describing what these guns
were capable of. There was no evidence introduced that these guns
were used in the commission of a crime by the Petitioner or any
one else, yet the Judge used what could of been 'a possibility'
to sentence the Petitioner to an egregious term of prison years.
(BOE 33:17-18)

E) By stating "the first one, although there's many more involved,
at least the ones involved in the convictions".(BOE 33:14-16)
Petitioner plead to four (4) counts of Possession of a Deadly Weapon by
a Prohibited Person, adding in the charge the State dismissed in
the plea deal, plus phantom weapons Petitioner was never charged with,
to sentence Petitioner is judicial misconduct and a violation of
due process rights.

F) By telling Petitioner that these guns were used for 'Mayhem' when
there was no evidence submitted by the State that these guns were
used in the commission of a crime, or fired by any one other than
the ATF for test firing purposes. (BOE 33:18-23)

G) By accusing Petitioner of being the **'facilitator'** to violence,
(BOE 33:23) and that Petitioner makes sure that the violence keeps
going-deadly violence. (BOE 34:3-4) This was egregious in nature
as there was no evidence submitted that Petitioner used any gun
involved in the case, or committed any violent act, or gave a
gun to any one with the intention or instruction for them to commit
a violent act. These comments were conclusory and have no bearings
on the case at bar. Comments which were used to justify giving
Petitioner 40 to 160 years in prison.

H) By wrongfully asserting the conclusion of violence through
Petitioner's convictions, when there was no evidence submitted
from the State to show that Petitioner was personally responsible
for any violence in Omaha, NE, before or after his convictions. Nor
any proof or evidence from the State that the Weapons involved in
these convictions were directly linked to any violence in Omaha, NE.

I) By telling Petitioner that's what gun dealers/gun runners deserve.
(BOE 34:16-19) Showing a lack of impartiality and ultimately making
it personal.

4)The Court Judge Mark Ashford committed misconduct and abused his

discretion during the sentencing phase June 18, 2012, inasmuch as
expressing illicit and prejudicial language of admonishments prohibited
of a Judge in so doing, as follows:

> The Court: And you're selling high-powered handguns
> and rifles for that very purpose, aren't you?
>
> Defendant: No sir. I am not a gun dealer, sir. This
> is a situation that happened that pretty
> much I was the middleman, but like I said---
> (defendant was cut off)
>
> The Court: I don't care if you're the middleman first
> man or the last man.
>
> (BOE 32:7-14)

   \*    \*    \*    \*    \*    \*    \*    \*

> The Court: The first one, although there's many
> involved, at least the ones involved in
> the convictions, the first one is a Ruger
> .22 rifle; a cobra .380 pistol. Those
> guns will go through the side of a car and
> right through a body. A .45 those are like
> Dirty Harry-type guns, a pistol. Another
> .45. And we know what those guns are used
> for. They're used for mayhem. They're used
> by drug dealers; they're used by gang
> members to kill each other. That's what
> you do. You're the facilitator. [sic]
>
> (BOE 33:14-23)

Worst, after the Court Judge sentenced Petitioner to the aforementioned
prison terms, he made another callous prejudicial statement, "[t[hat's
what gun runners deserve". Such remarks, defies the logic and
expectation of impartiality and repulse confidence in our judicial
system. The comments by the Court Judge were egregious in the worse form.
The "words of illicit expression" in the case at bar, show an ostensible
demeanor and waywardness indicative of 'judicial vindictiveness' that
is forbidden. Accordingly, a sentence should fit the offender and not merely
the crime, or in the case at bar, not taylored with factually false
criminal elements not involved in the case or convictions. The Petitioner
herein has clearly demonstrated that a reasonable person who knew the

circumstances of the case would question the Judge's impartiality under an objective standard of reasonableness, and the prejudicial remarks made beyond the scope of the Judge's duty and authority as an entrusted gatekeeper. That said, the comments of admonishment stated and made on record was an abuse of discretion and typified judicial misconduct ostensibly. The bell was rung, and now there is no unringing it.

The prejudice committed by the Court Judge was not harmless beyond a reasonable doubt, and such error and judicial abuse of discretion depreciated the very fabric and respect for the judicial process. But for the COurt Judge's aforesaid and complained of remarks, and his obvious vindictiveness during the sentencing phase herein this matter, the proceeding may have been impartial. But it was not!

The claims of ground 3 were not presented or assigned as error on direct appeal due to ineffective assistance of appellate counsel. And trial counsel during the sentencing hearing June 18, 2012, was ineffective for not objecting on Petitioner's behalf via the Court Judge's said remarks.

The Claims of ground 3 were presented and assigned as error on Post-conviction as judicial misconduct ground 4 #s 50-57 and as ineffective assistance of appellate counsel ground 5 #s 58-65 for failing to raise the issues of ineffective assistance and judicial misconduct on direct appeal. The claims of ground 3 were fairly presented to the Supreme Court, but not ruled on in accordance with §2254.

AO 241
(Rev. 01/15)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why: _Exhausted on all State_
_Remedies._

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _Appellate Counsel's Sale_
_Argument was Excessive Sentence which is why Petitioner Raised_
_Ineffective assistance of Appellate Counsel on Post-conviction Relief._

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Post-Conviction Relief_

Name and location of the court where the motion or petition was filed: _Douglas County District_
_Court 1701 Farnam St Omaha, NE 68183_

Docket or case number (if you know): _CR-11-1675_

Date of the court's decision: _November 19, 2014_

Result (attach a copy of the court's opinion or order, if available): _See Attached_

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Nebraska Court of Appeals_
_2413 State Capital, P.O. Box 98910 Lincoln NE, 68509-8910_

Docket or case number (if you know): _A-15-1113_

Date of the court's decision: _February 28, 2017_

Result (attach a copy of the court's opinion or order, if available): _Denied (see Attached)_

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:  ~~Judicial~~ Judicial complaint.

_____

_____

**GROUND FOUR:** Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Appellate Counsel (cont pg 11A)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner's notice of appeal was filed on or about July 16, 2012 by Mary Gryva, Petitioner' trial counsel. (Exhibit 6) On or about August 2012, Petitioner had a conversation with Ms Gryva about his direct appeal, at which time she informed him that she had been appointed as counsel for his direct appeal. On August 27, 2012, Petitioner wrote Ms. Gryva a letter (exhibit 7), informing her that he wished her to withdraw as Counsel so that he'd be able to file a plea based ineffective assistance of counsel claim. The order appointing Ms. Gryva as appellate counsel was signed on (cont on pg 11A-11C

(b) If you did not exhaust your state remedies on Ground Four, explain why:  Exhausted on State Remedies

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:  Appellate Counsel's sole Argument was Excessive Sentence, which is why Petitioner Raised Ineffective assistance of Appellate Counsel on Post-conviction

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Post-conviction Relief

Page 11 A

GROUND FOUR   Failed to raise claims one, two, and three on Direct Appeal

September 19, 2012, (Exhibit 8). On or about October 2, 2012,
Petitioner Filed a Motion to Object to Appointed Counsel (Exhibit 9)
based on a conflict of interest, as Petitioner wished to file
ineffective assistance of counsel on direct appeal. Ms. Gryva.
then Filed a Motion to withdraw on October 10, 2012, (Exhibit 10)
based on the fact that Petitioner wished to raise the claim
of ineffective assistance, a claim Ms. Gryva could not raise
against herself. On or about October 28, 2012 Judge Ashford
signed an order appointing W. Patrick Dunn as counsel for
the direct appeal of Petitioner. (Exhibit 11)
                                        Petitioner showed
every intention of filing ineffective assistance of trial counsel
on direct appeal.
            Appellate Counsel Patrick Dunn, filed a brief
on behalf of Petitioner, failing to raise the issues Petitioner
wanted to raise, failing to perfect Petitioner's appeal, and instead
raised an issue which he knew lacked merit (Exhibit 12). Dunn
goes on to explain that the better opportunity for relief would
be on Post Conviction (Exhibit 13). Petitioner wished to raise
issues - issues the court found readily apparent at the time of
direct appeal - that Mr. Dunn failed to recognize, and failed to
raise. Petitioner raised these issues on Postconviction as
ineffective assistance of Appellate Counsel for failing to raise the
issue of ineffective assistance of trial counsel on direct appeal.
Ground 3 #'s 42-49 and Ground 5 #'s 58-65, on Postconviction.
                                        The
record so illustrates that Petitioner postulated, not in any

Page 115

Fashionable legal language that appellate counsel provided ineffective assistance via direct appeal by failing to assign as error, trial level / defense counsel ineffectiveness / ineffective assistance in regards to defense counsel's many deficiencies, propounded therein his Post-conviction Motions. (T. 11-34; Boe 10: 11-21) Even so the Post-conviction court took judicial Notice of this fact during the hearing on July 31, 2014. (Boe 10: 19-21) Yet it opined in its order denying Post-conviction Relief, that the issues are procedurally barred. (T41) Accordingly, to use procedural default or waiver as means of ignoring plain error that results in an unconstitutional incarceration, would place form over substance. Would damage the Integrity, Reputation, and Fairness of the Judicial process.

The Post-conviction Court abused its discretion via its myopic review of the factual allegations of this claim propounded by Petitioner. Essentially, Petitioner's submission in this regard was to say appellate counsel erred and was ineffective for failing to assign error of ineffective assistance of defense counsel and/or assign error alleging plain error committed by the lower-district court thereafter Sentencing en route to appellate review (direct appeal). The Post-conviction court's error was, and yet is, prejudicial, thereby constituting an outright reversal in furtherance of justice.

Ground 4 was raised on Post-conviction, as Grounds 3 and 5 #'s 42-49 and 58-63. The claims of Ground 4 were fairly presented to the Supreme Court, but was not ruled on in accordance with § 2254.

AO 241
(Rev. 01/15)

Page 12

Name and location of the court where the motion or petition was filed: _Douglas County District_

_Court 1701 Farnam St Omaha, NE 68183_

Docket or case number (if you know): _CR-11-1675_

Date of the court's decision: _November 19, 2014_

Result (attach a copy of the court's opinion or order, if available): _See Attached_

(3) Did you receive a hearing on your motion or petition?      ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Nebraska Court of Appeals_

_2413 State Capitol, P.O Box 98910 Lincoln, NE 68509-8910_

Docket or case number (if you know): _A-15-1113_

Date of the court's decision: _February 28, 2017_

Result (attach a copy of the court's opinion or order, if available): _Denied (See Attached)_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _None_

AO 241
(Rev. 01/15)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?  ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

N/A _____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. _____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:    Aimee SANDERSON Melton 22965   REAgan Melton

and Delaney, LLP   9826 Giles Rd #B LaVista, NE 68128

(b) At arraignment and plea:   MARY Gryva 15676 P.O. Box 8574 Omaha, NE

68108

(c) At trial:     N/A

(d) At sentencing:    MaRy Gryva.

(e) On appeal:    First mary Gryva(withdrawn) liv. PATRICK Dunn 19800

1819 Harney St. Omaha, NE 68183

(f) In any post-conviction proceeding:    Jessica P. Douglas 22647

Washington County Attorney's Office 1555 Colfax St Blair, NE 68008

(g) On appeal from any ruling against you in a post-conviction proceeding:    Mathew R. Kahler

Finley and Kahler 209 S 19th St #500 Omaha, NE 68102

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?         ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?         ☐ Yes   ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 01/15)

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

       (1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
                custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

               (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                          of the time for seeking such review;

               (B)     the date on which the impediment to filing an application created by State action in violation of
                          the Constitution or laws of the United States is removed, if the applicant was prevented from
                          filing by such state action;

               (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                          if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                          cases on collateral review; or

               (D)     the date on which the factual predicate of the claim or claims presented could have been
                          discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

      (2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Convictions be vacated and set aside and the judgement and sentences be void for violations of the due process of law of the Constitution of the United States and of the Constitution of the State of Nebraska

or any other relief to which petitioner may be entitled.

_____

                            Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    November 25, 2017   (month, date, year).

Executed (signed) on    November 25, 2017  (date).

_____

                            Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

*nfw*

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

THE STATE OF NEBRASKA,                    )            CR11-1675
                                          )
       Plaintiff,                      )
                                          )
   vs.                                    )            ORDER DENYING POSTCONVICTION
                                          )                        RELIEF
DAMON PIGEE,                              )
                                          )
       Defendant.                      )
                                          )

> #40   FILED
> IN DISTRICT COURT
> DOUGLAS COUNTY NEBRASKA
>
> NOV 1 9 2014
>
> JOHN M. FRIEND
> CLERK DISTRICT COURT

This matter came before the Court July 31, 2014, on the State's Motion to Dismiss and on Defendant's request for an evidentiary hearing on his Amended Motion for Postconviction Relief filed October 15, 2013. Katie Benson appeared on behalf of the State and the Defendant initially appeared through counsel, Jessica Douglas. Defendant then called in at a later time and advised he wished to present argument even though his counsel was not present, so the Court allowed him to so with the State also being present. In addition to hearing argument, the Court took judicial notice of the Bill of Exceptions dated July 20, 2012. Having now reviewed the Bill of Exceptions, along with Defendant's Amended Motion for Postconviction Relief and the State's Motion to Dismiss, this Court finds postconviction relief should be denied for the following reasons:

### STANDARD OF REVIEW

An evidentiary hearing on a motion for post-conviction relief must be granted when the motion contains factual allegations which, if proved to be true, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *State v. Golka*, 281 Neb. 360, 796 N.W. 2d 198 (2011). However, if the motion alleges only conclusion of fact or law, or the



J00274016D01

records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required. *Id.*

## ANALYSIS

Defendant seeks postconviction relief based on prosecutorial misconduct, judicial misconduct, ineffective assistance of trial counsel and ineffective assistance of appellate counsel.

### I.    Prosecutorial Misconduct and Judicial Misconduct

Defendant sets forth allegations relating to the prosecutorial and judicial misconduct. However, postconviction relief does not allow the Court to reconsider an issue that could have been reviewed on direct appeal, so these claims are denied without an evidentiary hearing. *See State v. Jones*, 264 Neb. 671, 650 N.W.2d 798 (2002) (explaining that "a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues maybe be phrased or rephrased.").

### II.    Ineffective Assistance of Trial Counsel

Defendant sets forth several allegations relating to ineffective assistance of trial counsel. A party cannot raise an issue in a postconviction motion if he or she could have raised that same issue on direct appeal. *State v. Jackson*, 275 Neb. 434, 747 N.W.2d 418 (2008). So a motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record. *Id.* A different attorney represented Defendant on direct appeal and this Court finds these issues of ineffective trial counsel were readily apparent at the time of appeal and thus, are procedurally barred.

2

III.    Ineffective Assistance of Appellate Counsel

Defendant next makes several allegations relating to ineffective assistance of appellate counsel in failing to bring claims of prosecutorial misconduct, judicial misconduct and ineffective assistance of trial counsel on appeal.   When analyzing a claim of ineffective assistance of appellate counsel, the Court must determine whether appellate counsel failed to bring a claim on appeal that actually prejudiced the defendant. *State v. Timmens*, 282 Neb. 787, 805 N.W.2d 704 (2011).   In doing so, the court begins by assessing the strength of the claim appellate counsel purportedly failed to raise.   *State v. Jim,* 278 Neb. 238, 245, 786 N.W.2d 464 (2009).   Counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal.   *Id.*; *see also State v. Golka*, 281 Neb. 360, 378, 796 N.W.2d 198 (2011); *State v. McLeod*, 274 Neb. 566, 741 N.W.2d 664 (2007).   The Nebraska Supreme Court has further explained that a reasonable probability "is a probability sufficient to undermine confidence in the outcome." *State v. Poe*, 284 Neb. 750, 822 N.W.2d 831 (2012).

Prosecutorial and Judicial Misconduct

In reviewing the claims regarding prosecutorial and judicial misconduct, the Court finds that they do not have any merit and would certainly not have "changed the result of the appeal." Thus, Defendant has failed to set forth sufficient facts to warrant an evidentiary hearing. Furthermore, the Nebraska Supreme Court has rejected a similar argument, that appellate counsel was ineffective for not asserting all possible issues on appeal, in *State v. Williams*, 217 Neb. 539,

3          Page 42 of 49

352 N.W.2d 538 (1984).   The *Williams* court held that "an indigent defendant has no constitutional right to control the matters argued by counsel on appeal" in noting the following:

> " 'Usually ... if you cannot win on a few major points, the others are not
> likely to help, and to attempt to deal with a great many in the limited
> number of pages allowed for briefs will mean that none may receive
> adequate attention. The effect of adding weak arguments will be to dilute
> the force of the stronger ones.' R. Stern, Appellate Practice in the United
> States 266 (1981)."

Ineffective Assistance of Trial Counsel

Defendant had separate trial and appellate counsel, but in order to determine whether appellate counsel was ineffective in bringing such claims, it is first necessary to determine whether trial counsel was ineffective.   In a postconviction proceeding brought by a defendant convicted on a plea of guilty or no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *State v. Dunkin,* 283 Neb. 30, 807 N.W.2d 744 (2012).   Within the plea context, in order to satisfy the prejudice requirement to establish an ineffective assistance of counsel claim, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *State v. Dunkin, supra.* The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable and that even if found unreasonable, the error justifies setting aside the judgment only if there was prejudice. *Id.*

While somewhat lengthy, it is helpful to set forth the following portion of *State v. Seeger,* 20 Neb. App. 225, 822 N.W.2d 436 (2012) (emphasis added), as it is directly on point with several of Defendant's allegations:

> In his postconviction motion, Seeger alleged his trial counsel was ineffective
> for failing to investigate the facts of the case, consult with Seeger on strategy
> decisions for critical aspects of the case, interview the victims, use an
> investigator, request independent forensic testing of physical evidence, find
> evidence to rebut the State's forensic evidence, request independent testing of the

sexual assault kits, request independent DNA testing, raise the issue of whether the victims were competent to testify, obtain sexual assault examination reports, and obtain reports of the examination of a laptop computer and some memory cards. **But, Seeger's postconviction motion did not allege any facts showing what additional evidence would have been gathered, how a different result would have been obtained, or why there was a reasonable probability that Seeger would have insisted on going to trial rather than accept a plea agreement that dismissed four felonies.** Self-serving declarations that a defendant would have gone to trial will not be enough; a defendant must present objective evidence showing a reasonable probability that he or she would have insisted on going to trial. *State v. Yos–Chiguil,* 281 Neb. 618, 798 N.W.2d 832 (2011). The district court did not err in failing to grant an evidentiary hearing on these issues.

Similarly here, Defendant has set forth numerous allegations relating to counsel failing to explain certain issues or in not investigating certain matters, but none of these allegations show what evidence would have been gathered, how a different result would have been obtained, or that somehow such actions by counsel would have led to Defendant insisting on going to trial rather than accept the plea agreement. Simply put, Defendant's allegations are conclusory, do not set forth sufficient facts to establish a constitutional infringement or are refuted by the record.

Additionally, the Court finds that even if Defendant had alleged sufficient facts to show counsel was deficient, the record refutes Defendant suffered any prejudice, because of the favorable nature of the plea agreement. Defendant received a significant plea agreement when the State dismissed several counts from different dockets and in agreeing to not file the habitual criminal enhancement. This favorable plea agreement demonstrates it is unlikely Defendant would have insisted on going to trial in light of this agreement. *See e.g. State v. Drinkwalter*, 14 Neb. App. 944, 720 N.W.2d 415 (Neb. Ct. App. 2006) (finding the defendant had not established prejudice by failing to show there was a reasonable probability he would have insisted on going to trial, especially in light of the "obviously favorable plea agreement" that had reduced the charge from first degree murder to manslaughter).

5

IT IS **THEREFORE ORDERED, ADJUDGED AND DECREED** the State's Motion to Dismiss is granted and Defendant's Motion for Postconviction Relief is denied without an evidentiary hearing.

DATED this 9 day of November, 2014.

BY THE COURT:

_____

W. Mark Ashford
District Court Judge

IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. PIGEE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DAMON D. PIGEE, APPELLANT.

Filed February 28, 2017.   No. A-15-1113.

Appeal from the District Court for Douglas County: W. MARK ASHFORD, Judge. Affirmed.

Matthew R. Kahler, of Finley & Kahler Law Firm, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

## INTRODUCTION

Damon D. Pigee filed an amended motion for postconviction relief in the district court for Douglas County, alleging ineffective assistance of trial counsel and appellate counsel, prosecutorial misconduct, and judicial misconduct. Pigee appeals the district court's order denying his motion without an evidentiary hearing. We affirm.

## BACKGROUND

On four separate occasions between November 2010 and April 2011, Pigee sold firearms to a confidential informant working with law enforcement. All of the sales were either captured on audio or video recordings or were observed by law enforcement officers.

On August 29, 2011, Pigee was charged in Douglas County District Court with four counts of possession of a deadly weapon by a prohibited person (Counts 1-4) pursuant to Neb. Rev. Stat. § 28-1206 (Reissue 2016), each a Class ID felony, and one count of delivering/distributing

marijuana (Count 5), a Class III felony. Pigee pled guilty to Counts 1-4, and, in exchange, Count 5 was dismissed; the State also agreed to dismiss another case pending against Pigee and agreed to not pursue a habitual criminal enhancement. The district court sentenced Pigee to 10 to 40 years' imprisonment on each count, with the sentences to run consecutively. Pigee, with new counsel, filed a direct appeal to this court, arguing only that his sentence was excessive. We granted the State's motion for summary affirmance in Pigee's direct appeal; the mandate issued on April 5, 2013.

Pigee filed (pro se) a verified motion for postconviction relief on June 5, 2013, and an amended motion on October 15. In the amended motion, he made several claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and judicial misconduct. The district court denied Pigee's amended motion, without an evidentiary hearing, on November 19, 2014.

In its order, the district court stated that Pigee's claims of prosecutorial and judicial misconduct could have been reviewed on direct appeal and, therefore, these claims were procedurally barred. Additionally, since Pigee had a different attorney on direct appeal, his claims of ineffective assistance of trial counsel had to be raised on direct appeal if they were known to Pigee or were apparent from the record. Accordingly, the court found that Pigee's claims related to the ineffective assistance of trial counsel were procedurally barred. As to Pigee's claim of ineffective assistance of appellate counsel, the court noted that appellate counsel's failure to raise an issue on appeal could be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. Therefore, in considering appellate counsel's ineffectiveness, the district court considered Pigee's claims of prosecutorial and judicial misconduct, and his claims of ineffective assistance of trial counsel. The court concluded that Pigee's allegations were conclusory and did not set forth sufficient facts to establish a constitutional infringement or were otherwise refuted by the record. The court further concluded that even if Pigee had alleged sufficient facts to show trial counsel was deficient, Pigee did not suffer any prejudice because of the favorable nature of the plea agreement. Pigee timely appealed.

## ASSIGNMENT OF ERROR

Pigee assigns that the district court erred in dismissing his motion for postconviction relief without holding an evidentiary hearing.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *Id.*

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012). On appeal from a proceeding

for postconviction relief, the trial court's findings of fact will be upheld unless such findings are clearly erroneous. *Id.* Determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law that we review independently of the lower court's decision. *Id.*

### ANALYSIS

The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2016), provides that postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable. *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015). Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *Id.* If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id.*

In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id.* When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *Id.* The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable. *Id.*

Under Nebraska law, in order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review. *State v. Molina*, 271 Neb. 488, 713 N.W.2d 412 (2006). When claims of a trial counsel's performance are procedurally barred, we examine claims regarding trial counsel's performance only if the defendant assigns as error that appellate counsel was ineffective for failing to raise trial counsel's performance. *State v. Duncan*, 278 Neb. 1006, 775 N.W.2d 922 (2009).

When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel failed to bring a claim on appeal that actually prejudiced the defendant. *State v. Huston*, 291 Neb. 708, 868 N.W.2d 766 (2015). That is, courts begin by assessing the strength of the claim appellate counsel failed to raise. *Id.* Counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *Id.* When a case presents layered

ineffectiveness claims, we determine the prejudice prong of appellate counsel's performance by focusing on whether trial counsel was ineffective under the *Strickland* test. *Id.* If trial counsel was not ineffective, then the defendant suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim. *Id.*

In this postconviction action, since appellate counsel was different than trial counsel, the issue is whether appellate counsel failed to bring a claim on direct appeal that actually prejudiced Pigee such that inclusion of the issue would have changed the result of the appeal; and, to determine prejudice, we focus on whether trial counsel was ineffective. See *State v. Huston, supra.* In his brief, Pigee argues that appellate counsel should have raised the following claims: trial counsel failed to correctly inform Pigee of the penal consequences for his charges; trial counsel incorrectly advised Pigee that he was eligible for habitual offender charges; and trial counsel failed to depose witnesses, file appropriate motions, and failed to review discovery materials with Pigee. Accordingly, we examine these claims to determine whether trial counsel's performance was deficient, and whether there was a reasonable probability that but for the deficient performance of trial counsel, Pigee would have insisted on going to trial rather than pleading guilty.

*Penal Consequences.*

Pigee claims that "trial counsel failed to correctly inform [Pigee] of the penal consequences for his charges," prior to entering his plea. Brief for appellant at 9. Pigee pled guilty to and was convicted of four counts of possession of a deadly weapon (firearm) by a prohibited person pursuant to § 28-1206, each a Class ID felony. At that time, a Class ID felony was punishable by a mandatory minimum of 3 years' imprisonment and a maximum of 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 2008). Section 28-1206 does not require imposition of consecutive sentencing such as that set forth in Neb. Rev. Stat. 28-1205 (Reissue 2016) (use of a deadly weapon to commit a felony, or possession during commission of, requires that sentences imposed under the statute shall be consecutive to any other sentence imposed). In June 2012, the district court sentenced Pigee to 10 to 40 years' imprisonment on each count, with the sentences to run consecutively.

Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Lantz,* 290 Neb. 757, 861 N.W.2d 728 (2015). In Nebraska, unless prohibited by statute or unless the sentencing court states otherwise when it pronounces the sentences, multiple sentences imposed at the same time run concurrently with each other. *Id.* Although some statutes expressly require consecutive sentencing, not all sections of the criminal code imposing mandatory minimum sentences require consecutive sentencing. See *id.* The Legislature's exclusion of a requirement that all mandatory minimum sentences be served consecutively was intended to leave this issue to the discretion of the trial court. See *id.*

During the plea hearing, the district court went over each charge with Pigee, and beginning with Count 1, the court specifically stated that it was "what we call a [Class] ID offense. It carries a mandatory minimum of three calendar years in prison up to 50 years." After discussing each of the four charges, the district court summed up the nature and consequences of Pigee's guilty pleas to Counts 1-4 as follows.

THE COURT: As I've already indicated, these are all Class ID felonies carrying three calendar years up to 50 years in prison. If I accept your plea and I do find you guilty, the penalties could be, as I indicated, three calendar years up to 50 on each count. Obviously you're not a very good candidate for probation, you know that. I mean, I'm not -- I want you to know that up front. *But also if I order you to serve time, which I would have to do on these charges, I could order the time to be served on each count what they call consecutive*, which means you'd have to serve time on Count I before you commence time on Count II, finish II before you go to III, and likewise, III to IV. *That's consecutive. Do you understand that?*

[Pigee]: *Yes, sir.*

THE COURT: I'm going to have to study to make sure whether I could even give concurrent sentences on the three calendar years on each count. That is a possibility, but that would mean you'd serve all the time at one time, all four counts. Do you understand that?

[Pigee]: Yes, sir.

THE COURT: I guess I would defer also to counsel on that issue if they want to look into that a little more carefully.

[Trial Counsel]: I'd be glad to, Judge.

THE COURT: I will, too. But the point is, I don't know what the sentence will be today. Do you understand what I'm saying to you, sir?

[Pigee]: Yes, sir.

(Emphasis supplied.)

Pigee asserts that both trial counsel and the district court were "unaware" of whether Pigee's sentences were required to run consecutively at the time of his guilty pleas. He states, "[T]he district court advised [Pigee] it was a 'possibility' he could serve all four sentences simultaneously, which was factually incorrect." Brief for appellant at 9. Pigee argues that "there is no question that [Pigee] was not properly advised of the full penal consequences prior to entering his plea in this matter." *Id.*

The State argues that Pigee failed to identify which penal consequences trial counsel failed to disclose and why these unknown consequences would have caused Pigee to choose a trial over a guilty plea; and therefore, Pigee asserts only a legal conclusion, which is not sufficient to warrant an evidentiary hearing. In the alternative, the State contends that Pigee cannot show prejudice by his trial counsel's allegedly deficient performance because Pigee was aware of the sentencing range for his crimes and because he was aware of the possibility of consecutive sentences. The State says that although the district court expressed some uncertainty as to whether Pigee's sentences could run concurrently, this in no way affected the validity of the advisement or Pigee's decision to plead guilty. We agree with the State on both arguments.

Pigee does not identify exactly what penal consequences trial counsel failed to disclose, but it would appear from Pigee's assertion that the district court was "factually incorrect" with regard to the possibility of concurrent sentences, that Pigee is suggesting trial counsel was deficient in failing to inform him that his sentences would be required to be served consecutively. However,

this claim is not supported by the record and the law. Pigee's sentences did not have to be served consecutively. Unless specifically required by statute, whether mandatory minimum sentences are to be served consecutively is left to the discretion of the trial court. See *State v. Lantz, supra*. And although the district court and trial counsel expressed some uncertainty as to whether Pigee's sentences could be served consecutively or concurrently, the court stated either was possible. The court and trial counsel indicated their intention to study the issue. At the sentencing hearing, trial counsel stated that a sentencing memo had been submitted, and that "the initial question, Judge, was one of legality as to whether [Pigee] could receive consecutive sentences on the minimum mandatory of three years for each count." The district court responded, "He can." Trial counsel then stated, "I think you initially at the change of plea, Judge, had asked me to submit something, and he can." There is no indication trial counsel or the district court erroneously believed consecutive sentences were required. Instead, the court's reasoning indicates a clear intent to impose the consecutive sentences because of the gravity of the offenses. The court stated that Pigee will serve "at least 26 calendar years and as many as 70-some years. That's what gun dealers/gun runners deserve."

Further, whatever Pigee's trial counsel may have informed Pigee about sentencing is of no consequence since Pigee cannot show that he would have gone to trial but for what trial counsel may have erroneously advised him; in other words, he cannot show prejudice. Before entering his pleas, the trial court correctly advised Pigee of the penalties for his charges, including the possibility of consecutive or concurrent sentencing. Pigee acknowledged that he understood this, and knowing that it was possible his sentences could be ordered to be served consecutively or concurrently, he still entered his pleas.

Appellate counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *State v. Huston*, 291 Neb. 708, 868 N.W.2d 766 (2015). If trial counsel was not ineffective, then the defendant suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim. *Id.* A claim of ineffective assistance of trial counsel on this claim would not have changed the result of Pigee's direct appeal. The district court did not err in denying an evidentiary hearing on this ineffective assistance of appellate counsel claim.

*Habitual Criminal Enhancement.*

Pigee argues that his appellate counsel was ineffective for failing to allege on appeal that trial counsel was ineffective for improperly advising Pigee that he was eligible to be charged with being a habitual offender despite having only one prior conviction. Pigee asserts there is not sufficient evidence in the record to properly address this claim and that he must be given an evidentiary hearing to explore this issue and determine its merit.

However, the State contends that this claim is not properly preserved for appeal because Pigee failed to raise this claim in his amended motion for postconviction relief. In Pigee's initial motion filed June 5, 2013, Pigee alleged that trial counsel was ineffective by misrepresenting the law with regard to habitual criminal enhancement. However, Pigee's amended motion filed October 15, fails to include this claim.

In *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015), the appellant argued that the Nebraska Supreme Court should consider allegations of ineffective assistance of counsel, including those from the original motion for postconviction relief not included in the amended motion. The Supreme Court said that "[a]n amended pleading supersedes the original pleading, whereupon the original pleading ceases to perform any office as a pleading. It is clear the district court did not err in limiting its analysis to the motion that was before it--the amended motion." *Id.* at 912, 857 N.W.2d at 789.

*State v. Armendariz, supra*, applies here. Although Pigee raised trial counsel's misrepresentation of the law with regard to habitual criminal enhancement in his original motion for postconviction relief, he failed to include this claim in his amended motion. Because this allegation was not raised in the amended motion, the district court could not have erred in failing to grant an evidentiary hearing on it, and we need not consider it on the merits. See *State v. Armendariz, supra*.

*Remaining Allegations of Ineffective Assistance*.

In addition to the previous ineffective assistance claims, Pigee states that his "assertions regarding trial counsel's failure to depose witnesses, file appropriate motions, and lack of review of the discovery materials with [Pigee] suggest that an evidentiary hearing is warranted with respect to each of these claims." Brief for appellant at 10. That is the full extent of discussion in Pigee's brief as to these remaining claims. He does not explain how trial counsel was deficient by failing to do these asserted actions or how accomplishing any of these actions would have caused Pigee to insist on going to trial rather than pleading guilty.

The State contends that these remaining claims were not sufficiently argued by Pigee because he "does not describe the claims in any detail or explain why the district court's decision was incorrect." Brief for appellee at 12. The district court concluded:

> [Pigee] has set forth numerous allegations relating to counsel failing to explain certain issues or in not investigating certain matters, but none of these allegations show what evidence would have been gathered, how a different result would have been obtained, or that somehow such actions by counsel would have led to [Pigee] insisting on going to trial rather than accept the plea agreement. Simply put, [Pigee's] allegations are conclusory, do not set forth sufficient facts to establish a constitutional infringement or are refuted by the record.

We agree. Pigee does not address how the district court's decision as to these claims was in error. Further, Pigee was required to specifically assign and argue his trial counsel's allegedly deficient conduct as to these specific claims. See *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014). An appellate court will not address arguments that are too generalized or vague to be understood. See *State v. Wagner*, 295 Neb. 132, 888 N.W.2d 357 (2016). Even if we accept that Pigee's assertion of these remaining claims qualifies as a subpart to his broad assignment of error, Pigee must nevertheless specifically argue how these alleged inactions by trial counsel demonstrate deficient performance. Pigee provides no argument whatsoever. An argument that does little more than to restate an assignment of error does not support the assignment, and an appellate court will

- 7 -

not address it. *State v. Filholm, supra.* Accordingly, we do not address these claims of ineffective assistance of counsel.

## CONCLUSION

The district court did not err when it dismissed Pigee's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.

**DONALD W. KLEINE**

## Douglas County Attorney

BRENDA BEADLE, CHIEF DEPUTY
100 HALL OF JUSTICE OMAHA, NEBRASKA 68183-0406

FEB 2 3 2012

February 23, 2012

Ms. Mary Gryva
1823 Harney Street
Suite 201
Omaha, NE 68102

     Re:    *State of Nebraska v. Damon D. Pigee*
           CR11-1321, CR11-1675

Dear Mary:

As you know, on January 19, 2012, I extended an offer to your client that would require him to plead to four counts of Possession of a Deadly Weapon by a Prohibited Person, counts one through four of CR11-1675. In exchange for your client's plea, I would refrain from filing the Habitual Criminal on CR11-1321 and CR11-1675, as well as dismiss count five of CR11-1675 and dismiss CR11-1321 in its entirety. This offer was also made to Amy Melton prior to your entry of appearance. As these matters have been pending for some time, I feel it necessary to give your client a deadline of March 9, 2012. It is my intention to file an amended information in each case to add the Habitual Criminal charge should your client not accept the offer. If I have not heard from you by 12:00 pm on March 9, 212, I will seek leave to add the additional charges. Please contact me at (402) 444-6214 or nissa.jones@douglascounty-ne.gov.

Thank you.

Nissa M. Jones
Deputy Douglas County Attorney

Exhibit
1

Barbara Robinson
591-1559

regarding letter on Damon

- * Jesse OPD -

3-12 on parole.

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Report** of **Investigation**

7675

| Title of Investigation: | Investigation Number: | Report Number: |
|---|---|---|
| Operation TAT-MAN-DO | 779035-10-0107 | 7 |

*never touched gun.*

## SUMMARY OF EVENT:

Purchase of Ruger 10/22 rifle from Deuce 4 gang members "LB" (PIGEE, Damon) and "RonC" (FNU LNU).

## NARRATIVE:

1. On 11/9/2010, ATF CI, under LEO direction, made a controlled purchase of a rifle from two Deuce 4 Mafia gang members at approximately 29th & Charles St, Omaha, NE on the side of the roadway. The CI made contact with "LB" and was told to proceed to "LB's" residence at 4212 Emmet St, Omaha, NE. The CI entered "LB's" residence at approximately 1442 hrs, and was then told by "LB" that the rifle was not at his house and they would have to meet another individual to pick up the rifle. "LB" then made a phone call to "RonC" and was told to meet "RonC" at approximately 29th & Charles St. The CI and "LB" proceeded to the meeting location where they met "RonC" along the side of the road at approximately 1515 hrs. The CI paid "RonC" $200 for the rifle and "RonC" placed the rifle in the trunk of the CI's vehicle. "RonC" also provided the CI with 16 rounds of .22 caliber ammunition.

2. The CI and his vehicle were searched before and after the meeting with "LB" and "RonC".

3. The rifle purchased is described as:

   a. Ruger 10/22 Carbine, semi-automatic rifle, .22 caliber (serial #996535) and 16 rounds of .22 LR ammunition.

4. ATF S/A Mann test fired the rifle purchased from "LB" and "RonC" and it did properly function as designed. S/A Mann provided the information on the firearm to ATF S/A Kevin Rush who determined that the firearm was manufactured outside the State of Nebraska and to have arrived in the State of Nebraska would have affected interstate commerce.

*Exhibit 2*

| Prepared by: Donald MANN | Title: Special Agent, Omaha Field Office | Signature: | Date: 11-10-2010 |
|---|---|---|---|
| Authorized by: Mickey D. Leadingham | Title: Resident Agent in Charge, Omaha Field Office | Signature: | Date: 11/11/10 |
| 4 level reviewer (optional): ... 1 P. Gleysteen | Title: Special Agent in Charge, Kansas City Field Division | Signature: | Date: |

ATF EF 3120.2 (10-2004)
For Official Use Only

Justice # ZK1045587
Data # 2900248



000542941D01

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA.

STATE OF NEBRASKA                )          CR# 11   1675
                                 )
              Plaintiff,         )
                                 )     **ASSIGNED TO** Polk
      vs.                        )
                                 )     **INFORMATION**
DAMON D PIGEE,                   )
                                 )
              Defendant.         )          FILED
a.k.a.: DAMON D PIGEE            )     IN DISTRICT COURT
a.k.a.: DAMON D PIGEE            )     DOUGLAS COUNTY NEBRASKA
D.O.B. 31 January 1984.          )
ADDRESS:  834 N 94 PLZ                      AUG 29 2011
          OMAHA, NE  68114
DR. LIC.:  H12590652  NE               JOHN M. FRIEND
AR# K1045587                    _Exhibit_  CLERK DISTRICT COURT
RB# Z21517                          3
CMS# K1045587 Z
DP

COMES NOW the undersigned County Attorney or Deputy County Attorney, of
Douglas County, Nebraska, on 29 August 2011, empowered by law to inform of
offenses committed in Douglas County, and hereby informs that the above-named
Defendant, contrary to the form of the statutes in such cases and against the peace and
dignity of the State of Nebraska, violated the laws of the State, to-wit:

**COUNT 1:  POSSESSION OF DEADLY WEAPON BY PROHIBITED PERSON Class
ID Felony**

On or about 19 November 2010, in Douglas County, Nebraska, DAMON PIGEE did
then and there unlawfully possess a deadly weapon to wit: a firearm and has previously
been convicted of a felony, is a fugitive from justice, or is the subject of a current and
validly issued domestic violence protection order and is knowingly violating such order,
or has been convicted within the past seven years of a misdemeanor crime of domestic
violence, in violation of Neb. Rev. Stat. §28-1206(1)(a)&(3)(b), a Class ID Felony.
21689

**COUNT 2:  POSSESSION OF DEADLY WEAPON BY PROHIBITED PERSON Class
ID Felony**

On or about 1 December 2010, in Douglas County, Nebraska, DAMON PIGEE did then
and there unlawfully possess a deadly weapon to wit: a firearm and has previously been
convicted of a felony, is a fugitive from justice, or is the subject of a current and validly
issued domestic violence protection order and is knowingly violating such order, or has

**001**

been convicted within the past seven years of a misdemeanor crime of domestic violence, in violation of Neb. Rev. Stat. §28-1206(1)(a)&(3)(b), a Class ID Felony. 21689

## COUNT 3: POSSESSION OF DEADLY WEAPON BY PROHIBITED PERSON Class ID Felony

On or about 11 April 2011, in Douglas County, Nebraska, DAMON PIGEE did then and there unlawfully possess a deadly weapon to wit: a firearm and has previously been convicted of a felony, is a fugitive from justice, or is the subject of a current and validly issued domestic violence protection order and is knowingly violating such order, or has been convicted within the past seven years of a misdemeanor crime of domestic violence, in violation of Neb. Rev. Stat. §28-1206(1)(a)&(3)(b), a Class ID Felony. 21689

## COUNT 4: POSSESSION OF DEADLY WEAPON BY PROHIBITED PERSON Class ID Felony

On or about 9 August 2011, in Douglas County, Nebraska, DAMON PIGEE did then and there unlawfully possess a deadly weapon to wit: a firearm and has previously been convicted of a felony, is a fugitive from justice, or is the subject of a current and validly issued domestic violence protection order and is knowingly violating such order, or has been convicted within the past seven years of a misdemeanor crime of domestic violence, in violation of Neb. Rev. Stat. §28-1206(1)(a)&(3)(b), a Class ID Felony. 21689

## COUNT 5: DELIVER/DISTRIBUTING: MARIJUANA Class III Felony

On or about 11 June 2011, in Douglas County, Nebraska, DAMON PIGEE did then and there knowingly or intentionally distribute or deliver a controlled substance to wit: MARIJUANA, in violation of Neb. Rev. Stat. §28-416(1)&(2)(b), a Class III Felony. 21980

contrary to the statutes of the State of Nebraska.

NISSA M. JONES, # 23205
County Attorney/Deputy County Attorney

Exhibit
3

AFFIDAVIT OF TARON D. COOPER

STATE OF NEBRASKA)
                 )ss.
COUNTY OF DOUGLAS)


        I, TARON D. COOPER BEING FIRST DULY SWORN ON OATH TO THE
FOLLOWING:

        1.)I'm filling this out in the matter of a case I was involved
in pertaining to a firearm being sold to an undercover informant that I
Taron D. Cooper sold.

        2.)I Taron D. Cooper told my public defender Doug Johnson that I
had never seen the gun that he had showed me a picture of.

        3.)Case Number CR 11-1675, I Taron Cooper a.k.a "Ron C" did have
contact with the confidential informant. At the time I had in my possesion a
22. caliber rifle. Which I exchanged with C.I. for $200.00.

Exhibit
c1

        Subcribed and Sworn to before me on this 24th day of August, 2012.


                                        Notary Public


                        GENERAL NOTARY - State of Nebraska
                              PADDI HUGHES
                        My Comm. Exp. Oct. 22, 2012

                        8-24-12

## AFFIDAVIT

STATE OF NEBRASKA)

               )

               ) ss

COUNTY OF JOHNSON)

<u>Exhibit</u>

<u>5</u>

       I, Donald Ritchey, Being First Duly Sworn on Oath to the Following:

       Under the ~~direction~~ Employment of the ATF, I, Donald Ritchey, 1360 contacted a man by the name of "LB" (Damon Pig'ee) about buying a gun. I asked "LB" if he had a gun I could buy, and "LB" told me that he did not have a gun, but knew someone willing to sell theirs, and that he would give me the number to someone named "RON C". I told "LB" that I was not comfortable calling someone I did not know to try and buy a gun. "LB" tells me to come to his house on 42nd and Emmet street, so we could meet up with "Ron C". I met "LB" at his house on Emmet, then followed him to 29th and Charles street. "LB" parked on the side of the street, I parked right behind his car, we got out of our cars as another car pulled up. "LB" walks up to someone, shakes his hand, then turns to me to make introductions. "LB" introduces me to "RON C", and before I can ask about the gun, "LB" gets in his car and pulls off. I ask "Ron C" what kind of gun he has and how much does he want for it. "Ron C" explains that he has a .22 rifle with a clip and a scope and that he wants $200 for it. I let him know that I am ok with that . "Ron C" walks into a white house and comes out with the rifle wrapped in a towel. I give "Ron C" $200 and he puts the rifle in my trunk and uncovers it. I look at the rifle before closing my trunk. At no point during this transaction, did "LB" handle, hold, or have this gun in his possession. "LB" was not even a witness to me buying this gun, the .22 caliber rifle from "Ron C". "LB's" only involvement was to introduce me and "Ron C", then leave in his own car.

       "Ron C" sold me the .22 rifle with a scope and clip for $200 and put it into the trunk of my car.

I dealt with "LB" on multiple occassions, and every time I dealt with him ("LB"), he ("LB") was always the middle man introducing me to the person I was to buy the gun from. I asked "LB" to do this by telling him, I did not want to meet up with someone I did not know, to buy a gun from them. "LB" agreed and made the introductions.

All statements and accounts in this affidavit are true and made of my own free will. At no time was I pressured, threatened or coerced into making these statements.

By: _____
Donald Ritchey 1360

SUBSCRIBED and SWORN to before me a NOTARY PUBLIC on this 4 Day of ___May___ 2017, by Donald Ritchey, said instrument entitled AFFIDAVIT of Donald Ritchey

GENERAL NOTARY - State of Nebraska
JOSEPH WEINER
My Comm. Exp. January 5, 2020

_____          5-4-17          _____
Notary Seal               Date            Notary Signature

Affin: _____          Exhibit
(Donald Ritchey)                 5

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

THE STATE OF NEBRASKA        )        CR 11-165
                             )
             Plaintiff,      )
                             )
      vs.                    )        **NOTICE OF APPEAL**
                             )
DAMON D. PIGEE               )
                             )
             Defendant       )

TO:    THE STATE OF NEBRASKA AND DONALD KLEINE, Its Attorney:

        You and each of you are hereby notified that the above named
Defendant intends to appeal this case to the Court of Appeals/Supreme Court of
the State of Nebraska.

        You are further notified that the Defendant was convicted in the
District Court of Douglas County, Nebraska, to four counts of the offense of
Possess of a Deadly Weapon by a Prohibitive Person  and was sentenced on
June 18, 2012, to serve consecutive terms of 10 to 40 years.  An Order to
Proceed in Forma Pauperis has been filed herein.

        DATED this _____16_____ day of July, 2012.

                                Damon D. Pigee, Defendant


                                By: _Mary C. Gryva_____
                                Mary C. Gryva, #15676
                                Frank & Gryva, P.C., L.L.O.
                                201 Historic Library Plaza
                                1823 Harney Street
                                Omaha, NE  68102
                                (402) 346-0874

Exhibit
6

1

Bruch By Pigee #76818

2725 N. HWY. 50
P.O. Box 900
Tecumseh,NE 68450



Exhibit
7

August 27, 2012

Mrs Mary Gryva
Attorney at Law
1823 Harney Street
Omaha,Nebraska 68102

        RE: State v. Pigee Case No. 11-1675

Dear Mrs. Gryva:

    This letter is being written to ask that you file a motion to
withdraw as appellant counsel due to the fact that defendant will
be seeking to appeal on the basis of a plea based ineffective
assistance of counsel claim and actual claim of ineffective assist-
ance of counsel.

    Its our belief and opinion that on appeal defendant must raise
all issues known or the same will be subjected to a procedural bar which
defendant is trying to avoid.  Here, defendant appeal will show from
the record misadvise and misdirection during the plea stage which
is a colorable claim Jurgensen v. State, 166 Neb. 111 (1958) and
State v. Dunkin,  283 Neb. 30 (2012). Defendant assert that the
holding of Strickland v. Washington, 466 U.S. 668 (1984) and United
States v. Cronic, 466 U.S. 648 (1984) appear on the record due to
the action and inaction of counsel.

    I understand that you will not and can not raise a claim of
deficient representation against yourself, yet, you should not stop
me from raising this claim by continuing to represent me on appeal
when your issues will be limited to an excessive sentence which is

August 27, 2012
page 2 of 2 letter to counsel on appeal

not an issue if the sentence is within the statutory guideline, as

I feel this issue will fail. I am asking that you file the motion

to withdraw as appellant counsel in the interest of fundamental

fairness and to allow your client a chance to exhaust those claims

and issues on direct appeal this is written with an understanding of

the holdings announced by the Court in State v. Hudson, 270 Neb. 752

(2005).

With this request in mind I would ask that you return my record

to me so that I can continue to work on the appellant brief and the

issue that I would like to raise which I will submit to counsel upon

their appointment. I would like the transcript and police report in

this case and look forward to receiving the same.

In closing, I do appreciate the time and attention you have given

on this matter and look forward to a speedy reply and hopefully you

will send the information requested.

Dated this _27th_ day of _August_ , 2012.

Respectfully submitted

Damon D. Pigee #76018
2725 N. HWY. 50
P.O. Box 900
Tecumseh, NE 68450

APPELLANT PRO SE

GENERAL NOTARY - State of Nebraska
PADDI HUGHES
My Comm. Exp. Oct. 22, 2012

8-27-12

Mailed to counsel by certified mail:

Exhibit
7

THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

STATE OF NEBRASKA,          )      CASE NO. CR – 11 - 1675
          Plaintiff,        )
                            )
          vs.               )      ORDER
                            )
PIGEE, DAMON D.,            )
          Defendant.        )

THIS MATTER came on the Defendant's motion for appointment of
counsel.  The Court grants Defendant's motion and appoints Mary Gryva,
Attorney At Law, to represent him in his appeal proceedings.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT
Mary Gryva, Attorney At Law, is hereby appointed to represent the
Defendant in his appeal proceedings.

Dated this 19th day of September, 2012.

BY THE COURT:

_____
W. Mark Ashford
District Court Judge

Cc:   Mary Gryva, Attorney At Law

_____
_____
Exhibit
_____
8
_____

In the District Court of Douglas, County Nebraska

Damon D. Pig'ee        )
      Appellant    )      Case No. 11-1675
                 )
                 )      Motion to Object
    Vs.            )      Appointed Counsel
                 )
State of Nebraska    )
      Appellee     )
                 )

*Exhibit 9* (handwritten)

Now Comes Damon D. Pig'ee, Defendant-Appellant Pro se, here - by objects
to District Courts decision to appoint Mary C. Gryva as counsel for Appellant.
And moves the court to appoint different counsel for the following reasons:

1. Conflict of Intrest as counsel was defendants trial counsel, and defendant
seeks to raise a claim of ineffective  assistance of counsel, issue which
Ms. Gryva can not raise against herself.

2. Appellant seeks to appeal the guilty plea which constitutes a plea based
ineffective assistance of counsel, issue for which Ms. Gryva can not raise
against herself.

3. Appellant seeks to raise a claim that trial counsel failed to advise him
of his right to withdraw the plea for which Ms. Gryva can not raise against
herself.

4. Appellant seeks to raise a claim that trial counsel waived his
constitutional rights and failed to advise him of his right to object to
amended information.

Where for appellant pray that the court appoint new counsel in order that
defendant-appellant can raise and litigate all issues on direct appeal for
which counsel can not otherwise raise.

Subscribed and Sworn before me a Notary Public on this ___2nd___ day
of _October_ 2012 by inmate _____
                  Damon Pigee

10-2-12

GENERAL NOTARY - State of Nebraska
PADDI HUGHES
My Comm. Exp. Oct. 22, 2012

Notary Public

## IN THE NEBRASKA COURT OF APPEALS

| | | |
|---|---|---|
| STATE OF NEBRASKA, | ) | A-12-639 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | **MOTION TO WITHDRAW** |
| | ) | |
| DAMON D. PIGEE, | ) | |
| | ) | |
| Appellant. | ) | |

COMES NOW Mary C. Gryva, and moves the Court for an Order allowing her to withdraw as attorney for the Appellant, Damon D. Pigee..  In support of her motion the undersigned shows to the Court as follow:

1.     The undersigned represented the Appellant in the criminal matter below. As counsel for the Appellant below, the undersigned perfected the appeal to this court at the direction of the Appellant and pursuant to Court rules.

2.     Appellant recently contacted the undersigned attorney and requested that she withdraw as his counsel.  Appellant requested new counsel as he believes such new counsel will be able to raise new issues which the undersigned would not be able to raise on direct appeal.

WHEREFORE, the Appellant prays for an Order allowing her to withdraw as attorney for the Appellant.

_Mary C. Gryva_

Mary C. Gryva, #15676
FRANK & GRYVA, P.C. LLO
201 Historic Library Plaza
1823 Harney Street
Omaha, NE 68102
(402)346-0874

Exhibit
10

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Motion to Withdraw was served via regular U.S. mail, postage prepaid, on October 10, 2012 upon Erin Tangeman, Nebraska Attorney General, 2115 State Capitol, P. O. Box 98920, Lincoln, NE 68509 and upon Damon Pigee, #76018, P. O. Box 900, Tecumseh, NE 68450-0900

Exhibit
10

J00103132D01

THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| STATE OF NEBRASKA, | ) | CASE NO. CR – 11 - 1675 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PIGEE, DAMON D., | ) | |
| Defendant. | ) | |

FILED
JOURNAL CLERK
2012 NOV 28  AM 8: 46
CLERK DISTRICT COURT

THIS MATTER came on the above-named Defendant's motion for appointment of counsel for purposes of appeal. The Court grants Defendant's motion and appoints W. Patrick Dunn, Attorney No. 19800, 1411 Harney Street, Suite 200, Omaha, Nebraska, 68102, to represent the above-named Defendant in his appeal proceedings.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT W. Patrick Dunn, Attorney At Law, is hereby appointed to represent the above-named Defendant in his appeal proceedings.

Dated this 28th day of October, 2012.

BY THE COURT:

W. Mark Ashford
District Court Judge

Cc:  W. Patrick Dunn, Attorney At Law
     Damon D. Pigee, Defendant

Exhibit
11

00001

### DUNN & STOCKMANN
#### ATTORNEYS AT LAW
1411 HARNEY STREET, SUITE 200
OMAHA, NEBRASKA 68102
PHONE (402) 346-7367 FAX (402) 346-6757
E-MAIL: dunnlaw@qwest.net

December 31, 2012


Mr. Damon D. Pig'ee, #76018
TSCI
2725 N. Hwy. 50
P.O. Box 900
Tecumseh, NE 68450

   RE: *State of NE v. Damon D. Pig'ee*
    Case Nos. CR11-1675 & A-12-639

Dear Mr. Pig'ee:

Enclosed please find a copy of the appellate brief I filed on your behalf today.  As I indicated to you, there are no real compelling arguments in the brief as the only issue we could address was our allegation that the sentence imposed was excessive.

Within a few weeks, the Attorney General will file a motion for summary affirmance and a brief in support of that motion.  Generally speaking, those motions are granted because the sentence you received, while harsh, was within statutory guidelines for the offense of which you were convicted.

I will let you know when the court rules on the appeal.  The ruling will not likely be in our favor, but by completing the direct appeal process you will then be free to pursue whatever other remedies you may choose to pursue, most likely under the postconviction act.

I will keep you updated as to the appeal process.  Please contact my office with any questions or concerns.



Very truly yours,



W. Patrick Dunn



Enclosure(s)   1

Exhibit
12

# DUNN & STOCKMANN
## ATTORNEYS AT LAW
1411 HARNEY STREET, SUITE 200
OMAHA, NEBRASKA 68102
PHONE (402) 346-7367 FAX (402) 346-6757
E-MAIL: dunnlaw@qwest.net

February 19, 2013

Mr. Damon D. Pig'ee, #76018
TSCI
2725 N. Hwy. 50
P.O. Box 900
Tecumseh, NE 68450

RE: *State of NE v. Damon D. Pig'ee*
Case No. A-12-639

Dear Mr. Pig'ee:

Per your request, enclosed please find the motion for summary affirmance and their brief in support of that motion and the order from the Court of Appeals affirming your convictions and sentences. As I explained, they asked the court to affirm your sentences and convictions without even giving us an oral argument because the sentences imposed are within the statutory range and are therefore presumptively not excessive in nature.

There was really no way to win this appeal because the sentences were the result of pleas rather than a trial. Again I suggest that your better opportunity for relief will come in the form of an action filed pursuant to the Nebraska Postconviction Relief Act. You have now exhausted your direct appeal remedies and you may now file a postconviction action.

Please contact my office with any further questions or concerns.

Very truly yours,

W. Patrick Dunn

Enclosure(s)   3

Exhibit
13






USPS TRACKING #

9114 9014 9645 1319 6692 55

Hasler
11/27/2017
US POSTAGE $007.20⁰
ZIP 68508
011E12650058

PRIORITY MAIL

Damon Pryce 76018
P.O. Box 22500
Lincoln, NE 68542-2500

46-03-13

Notice / This correspondence
was mailed by an inmate
confined in an institution
operated by the Nebraska
Department of Correctional
Services. Its contents are
uncensored.

UNITED STATES
District Court
593 Federal Bldg
100 Centennial Mall N.
Lincoln, NE 68505-3803

RECEIVED
NOV 2 8 2017
CLERK
U.S. DISTRICT COURT
LINCOLN

Legal Mail



Hasler
11/27/2017
US POSTAGE **$007.20⁰**
ZIP 68508
011E12650358

PRIORITY MAIL

USPS TRACKING #

9114 9014 9645 1319 6692 31

LA4500K Aug. 2513
7595-17-000-0593
46-03-13

Notice : This correspondence
was mailed by an inmate
confined in an institution
operated by the Nebraska
Department of Correctional
Services. Its contents are
uncensored.

Samu Ryee 9018
P.O. Box 22500
Lincoln, NE 68542-2500

United States
District Court

RECEIVED 593 Federal Bldg
100 Centennial Mall No.

NOV 28 2017
CLERK
U.S. DISTRICT COURT
LINCOLN

Lincoln, NE 68508-3803

Legal Mail