IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAMON D. PIGEE, | ) | |
| | ) | |
| Petitioner, | ) | 4:17CV3157 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT R. FRAKES, Director, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

This is a habeas corpus case in which Petitioner (Pigee) attacks his Nebraska conviction and lengthy sentence. Respondent has answered (filing no. 17), filed the relevant state court records (filing no. 16) and submitted a brief (filing no. 18). After an extension of time, Petitioner has filed his brief (filing no. 22) as well. The matter is now submitted.

I agree with Respondent that all claims are procedurally defaulted and that no statutory, equitable or other excuse has been shown that would allow me to ignore the default. Alternatively, and separately, if a portion of the multi-part ineffective assistance of appellate counsel claim (part (c) of Claim Four) was not procedurally defaulted because it was fairly presented and resolved adversely to Petitioner, then, giving the Nebraska courts the deference that they are due, appellate counsel was not ineffective and Petitioner is not entitled to relief on that portion of the claim.

*Claims*

Petitioner filed a prolix petition containing 67 pages. Summarized and condensed[1], and as set forth in my previous progression order (filing no. 8), Petitioner asserted the following claims that were potentially cognizable in this court:

---

[1] Petitioner did not object to my summary and condensation.

**Claim One**: Petitioner was denied due process because: (a) he was threatened by the prosecutor regarding the filing of a habitual criminal charge; (b) the prosecutor misstated the factual basis for the guilty plea; and (c) the prosecutor provided false information to the judge at the time of sentencing.

**Claim Two**: Petitioner was denied effective assistance of trial counsel because (a) counsel did not object to the amended information; (b) counsel used a letter from the prosecutor (presumably Filing No. 1 at CM/ECF p. 49) to coerce Petitioner to enter a guilty plea; (c) counsel failed to object to and request a continuance regarding the judge's uncertainty about whether sentences could be run concurrently; (d) counsel failed to move to withdraw the plea when Petitioner informed counsel about the location of a "new suspect"; (e) counsel failed to object to statements made by the sentencing judge (*see* Filing No. 1 at CM/ECF p. 17 (¶ "5") & p. 18 (¶ "8"); (f) counsel failed to object to the insufficient factual basis for the plea; (g) counsel failed to investigate and depose Donald Mann who authored a police report; (h) counsel failed to object to the prosecutor's statement at sentencing regarding "opportunity for change."

**Claim Three**: Petitioner was denied due process because (a) at the time of the plea, Petitioner was not clearly advised as to whether the sentences could run concurrently and (b) the trial judge did not act in a fair and impartial manner at the time of sentencing.

**Claim Four**: Petitioner was denied effective assistance of appellate counsel (who was different than trial counsel) for failing to raise on direct appeal Claims One, Two and Three.

*Background*

On four separate occasions between November 2010 and April 201l, Pigee sold firearms to a confidential informant working with law enforcement. All of the sales were either captured on audio or video recordings or were observed by law enforcement officers. On August 29, 2011, Pigee was charged in Douglas County District Court with four counts of possession of a deadly weapon by a prohibited person (Counts 1-4) pursuant to Neb. Rev. Stat. § 28-1206 (as it existed at the time), each a Class ID felony,

and one count of delivering/distributing marijuana (Count 5), a Class III felony. With the assistance of counsel (Ms. Gryva, an extremely experienced and zealous criminal defense lawyer well known to this court from her work on the CJA panel and otherwise), Pigee pled guilty to Counts 1-4, and, in exchange, Count 5 was dismissed. The State also agreed to dismiss another case pending against Pigee and agreed to not pursue a habitual criminal enhancement.

The district court sentenced Pigee to 10 to 40 years' imprisonment on each count, with the sentences to run consecutively. Pigee, with new counsel (Mr. Dunn), filed a direct appeal to the Nebraska Court of Appeals, arguing only that his sentence was excessive. (Filing No. 16-5.) That court granted the State's motion for summary affirmance in Pigee's direct appeal. The mandate issued on April 5, 2013, after a petition for further review was denied by the Nebraska Supreme Court.

Pigee then filed a post-conviction action on June 5, 2013. That was followed by an amended post-conviction motion which, as we shall see, became the operative pleading that the state district judge ruled upon. During at least part of this post-conviction litigation, Pigee had counsel (Ms. Douglas), although Pigee requested and was given permission to orally argue whether he was entitled to an evidentiary hearing without his counsel present. Notwithstanding his argument, the district court denied the request for an evidentiary hearing and later denied post-conviction relief in a thorough five-page opinion discussing the *amended* motion. (Filing No. 16-14 at CM/ECF pp. 41-46.) With new appointed counsel (Mr. Kahler), an appeal was perfected.[2] The specific claims raised by Pigee were that his appellate counsel (Mr. Dunn) was ineffective for failing to allege on direct appeal that his trial counsel (Ms. Gryva) was ineffective for

---

[2] Because of a clerical error in the state district court, Pigee's appeal was first denied for lack of jurisdiction by the Nebraska Court of Appeals but Petitioner was successful in obtaining reinstatement of his appeal and also appointment of appellate counsel (Mr. Kahler). This procedural snafu in the district court resulted in the extended time between the filing of the post-conviction action in 2013 in the state district court and the ultimate resolution in 2017 by the Nebraska Court of Appeals.

3

(1) incorrectly advising him that he was eligible for the habitual criminal enhancement, (2) failing to advise him of the penal consequences of his plea, and (3) failing to (a) depose witnesses, (b) file appropriate motions, and (c) review discovery materials with him. (Filing No. 16-8 at CM/ECF pp. 10-14; Filing No. 16-4 at CM/ECF p. 4).

The Court of Appeals rejected Pigee's claims and affirmed the judgment of the district court in a memorandum opinion dated February 28, 2017. (Filing No. 16-4). In so ruling, the court determined that all of the claims, save perhaps one, had been defaulted on state law grounds either because Petitioner failed to raise the claim in the amended post-conviction motion (the habitual criminal issue) or because Pigee failed in the Nebraska Court of Appeals to address how the district court's decision was in error and also for failing to assign as error and argue that trial counsel was ineffective for failure to (a) depose witnesses, (b) file appropriate motions, and (c) review discovery materials with him.

As to the argument that trial counsel was ineffective for failing to advise Pigee of "the penal consequences" of the guilty plea, the court found that (1) Pigee failed to identify which penal consequences he was unaware of and (2) Pigee was aware of the sentencing ranges for the crimes and the possibility of concurrent or consecutive sentences. Additionally, the court further found that there was no evidence of prejudice regarding trial counsel's representation since Pigee could not show he would have gone to trial had trial counsel said something different.

Pigee filed a petition for further review in the Nebraska Supreme Court. In that petition, counsel for Pigee (Mr. Kahler) argued that the Court of Appeals erred in finding that trial and direct appeal counsel did not perform deficiently. (Filing No. 16-10.) That petition was denied. The mandate issued on May 3, 2017. And this petition for a writ of habeas corpus followed on November 28, 2017.

## *Overview of Applicable Law*

Three strands of federal habeas law intertwine in this case. They are the law of exhaustion and procedural default, the deference that is owed to the state courts when a federal court reviews the factual or legal conclusions set forth in an opinion of a state court, and the standard for evaluating a claim of ineffective assistance of counsel.

I briefly set out those principles now, so that I may apply them later in a summary fashion as I review Petitioner's claims. I turn to that task next.

## *Exhaustion and Procedural Default*

As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

"In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation marks omitted). Although the language need not be identical, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999). In contrast, "[a] claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003) (citation omitted).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and

adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

To be precise, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### *Nebraska Law Relevant to Procedural Default*

Under Nebraska law, you don't get two bites of the post-conviction apple; that is, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). *See also State v. Thorpe*, 858 N.W.2d 880, 887 (Neb. 2015) ("A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased."); *State v. Filholm*, 848 N.W.2d 571, 576 (Neb. 2014) ("*When a defendant's trial counsel is different from his or her counsel on direct appeal*, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred.") (Italics added).

Moreover, a person seeking post-conviction relief must present his or her claim to the district court or the Nebraska appellate courts will not consider the claim on appeal. *State v. Deckard*, 722 N.W.2d 55, 63 (Neb. 2006) (denying post-conviction relief in a murder case and stating: "An appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief.")

More specifically, if a person raises an issue in an initial motion for post-conviction relief but fails to raise it in an amended motion the claim is defaulted under Nebraska law. *State v. Armendariz*, 857 N.W.2d 775, 789 (Neb. 2015) (affirming denial of post-conviction relief in a murder case and stating that "[a]n amended pleading supersedes the original pleading, whereupon the original pleading ceases to perform any office as a pleading. It is clear the district court did not err in limiting its analysis to the motion that was before it--the amended motion.").

Similarly, on appeal, the appealing party must both assign the specific error and specifically argue that error in the brief. Otherwise the claim is defaulted under Nebraska law. *State v. Henry*, 875 N.W.2d 374, 407 (Neb. 2016) (stating an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court).

### *Deference Under 28 U.S.C. § 2254(d)*

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from

8

one of that Court's cases despite confronting indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.*

However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. Accordingly, the postconviction trial court's discussion of counsel's performance—combined with its express determination that the ineffective-assistance claim as a whole lacked merit—plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted).

The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.*

### *The Especially Deferential Strickland Standard*

When a petitioner asserts an ineffective assistance of counsel claim, the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984), must be applied. The standard is very hard for offenders to satisfy.

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687. The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Id.* at 687-88. In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

10

would have been different." *Id.* at 694. Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. *Id.* at 690.

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with special vigor to decisions involving ineffective assistance of counsel claims. [Knowles v. Mirzayance, 556 U.S. 111 (2009)](). In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Id.* at 123 (internal quotation marks and citations omitted).

*Strickland* applies equally to appellate counsel, and appellate counsel is entitled to the "benefit of the doubt." [Woods v. Etherton, 136 S. Ct. 1149, 1153 (2016)]() (a "fairminded jurist" could have concluded that repetition of anonymous tip in state-court cocaine-possession trial did not establish that the uncontested facts it conveyed were submitted for their truth, in violation of the Confrontation Clause, or that petitioner was prejudiced by its admission into evidence, precluding federal habeas relief under Antiterrorism and Effective Death Penalty Act (AEDPA); Petitioner could not establish that Petitioner's appellate counsel was ineffective, as appellate counsel was entitled to the "benefit of the doubt").

### *Discussion*

It is beyond dispute that Claims One through Three were not presented on direct appeal. Under Nebraska law they were defaulted inasmuch as Petitioner had separate appellate counsel, no such errors were asserted and he could not raise such issues in a post-conviction action. Because of that I may not consider those claims absent unusual circumstances.

I also find and conclude that all of Claim Four–the ineffectiveness of appellate counsel assertion–was defaulted. This is because (1) none of the parts of that federal claim were fairly presented to the Nebraska courts–the same (or similar) factual grounds and legal theories presented here were not presented to the Nebraska courts; and (2) if some roughly, very roughly, similar claims were fairly presented, they were not properly presented under state law in violation of independent and adequate state procedural rules consistently applied because (a) the habitual offender argument while initially raised was not presented in the operative pleading (the amended post-conviction motion) in the state district court or (b) issues regarding trial counsel's failure to depose witnesses, failure to file appropriate motions, and failure to review discovery materials with Petitioner were not properly assigned as error, argued and briefed in the Nebraska Court of Appeals when it considered the post-conviction appeal.

Petitioner has neither shown cause nor prejudice for these defaults.[3] Neither has he come close to showing that it would constitute a miscarriage of justice to impose the procedural default rules. He is certainly not actually (factually) innocent.

---

[3] The Supreme Court's *Martinez v. Ryan* decision regarding ineffective assistance of post-conviction counsel and the fact that under limited circumstances the ineffectiveness of post-conviction counsel may provide cause for a default does not apply here because Nebraska's collateral review process was not the first opportunity Petitioner had to raise the ineffective assistance of trial counsel claim as Petitioner had separate counsel on the direct appeal. *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014).

One could make an argument, although not a very good one, that when the Nebraska Court of Appeals took up (filing no. [16-4 at CM/ECF pp. 4](#)-6) and resolved, during the post-conviction appeal, the issue of whether "trial counsel failed to correctly inform [Pigee] of the penal consequences for his charges" that it was also fairly presented with and decided Claim Four (c) in this case.

As I summarized and condensed it in my progression order, Claim Four (c) asserts that Petitioner received ineffective assistance of trial counsel because counsel failed to object to and request a continuance regarding the judge's uncertainty about whether the sentences could be run concurrently and direct appeal counsel was ineffective for failing to make that argument. I will therefore address that issue as if it had been fairly presented and resolved on the merits. *Cf. [Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999)](#)* ("Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated.")

The Court of Appeals had difficulty understanding the "penal consequences" argument because it was so broad. One of the parts of the "penal consequences" argument was a convoluted assertion that the trial judge was not certain that the sentences could be run concurrently.

After examining and quoting the plea colloquy, the Court of Appeals was convinced that Petitioner understood the possible sentencing consequences and particularly that any sentence could be run consecutively which turned out to be the case. While there was some uncertainty at the time of the plea taking colloquy about whether the sentences could be ordered to run concurrently, both possibilities were discussed when Petitioner and the judge discussed the plea. Moreover, any uncertainty on the judge's part evaporated by the time of sentencing when a sentencing memo was submitted making plain that the sentences could be imposed concurrently. The Court of Appeals explicitly found that Pigee knew "that it was

possible his sentences could be ordered to be served consecutively or concurrently, [yet] he still entered his pleas." (Filing No. 16-4 at CM/ECF p. 6). On this and other components of the "penal consequences" argument, the Nebraska Court of Appeals found that trial counsel was not ineffective or that Petitioner had shown no prejudice or both. Giving the deference that is due the Nebraska Court of Appeals, I have no basis to rule otherwise.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the habeas corpus petition (filing no. 1) is denied and dismissed with prejudice. No certificate of appealability has been or will be issued. Judgment will be issued by separate document.

DATED this 8th day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge